## No. 104

## CATON v. DEF. SCREW MACHINE CO.

Ohio Appeals, 3rd Dist., Defiance Co.

No. 52. Decided Nov. 19, 1925

1283. WORKMEN'S COMPENSATION — Where a company elects to pay its own compensation, the request for compensation by an employee is the time from which the commencement of the action begins.

HUGHES, J.

This was an action in the Defiance Common Pleas, being an appeal from the findings of the Industrial Commission.

James Caton was an employee of the Defiance Screw Machine Co. and was injured in the early part of 1920. He was entitled to Workmen's Compensation. The Company elected to pay its own claims and soon after the injury complained of, Caton made verbal application for compensation to the Company which was refused.

More than two years later under steps outlined by the Code he made a written application for compensation to the Industrial Commission which was also denied. The Commission finding that he was not injured in the course of his employment and further that he did not file his claim within the two year statutory period.

At the trial in the Common Pleas, he offered new evidence other than that which was in the transcript to the Industrial Commission. The court denied him the right to offer such evidence. The Court of Appeals held:

1. At the time Caton made his application with the Industrial Commission the amendment to 1465-90 GC. was in effect which limited the evidence in such trials to the transcript taken before the Industrial Commission. This amendment became effective August 16, 1921.

2. If Caton had brought his action prior to this amendment he could have introduced the evidence in support of his claim.

3. The filing of a claim for compensation is a proceeding within Sec. 26 of 1465-90 GC., 110 OS. 304.

4. If the filing of a claim before the Industrial Commission is a proceeding within Sec. 26 of 1465-90 GC., then there is no reason why Caton's original claim to the Machine Co. is not a proceeding within the statute also.

5. Therefore his original claim to the Defiance Machine Co. was a commencement in the proceedings in this action, and the filing of a claim with the Industrial Commission was merely an intermediary step in the procedure.

· 6. By this reason Caton commenced his action before the passage of the statute and new evidence was erroneously barred by the lower court.

Judgment reversed.

Attorneys—H. B. Mulholland for Caton; Winn & Goller for Company; all of Defiance.